IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SAMANTHA CONWAY, Conservator,
and next friend for the benefit of
THOMAS CONWAY                                                                              PLAINTIFF

v.                                    Case No. 3:14-cv-00053-KGB

CHARLES STERRETT, and
SAIA MOTOR FREIGHT LINE, LLC                                                         DEFENDANTS

### ORDER

Before the Court is defendant SAIA Motor Freight Line LLC's ("SAIA's") motion for more definite statement, or, in the alternative, to strike complaint for damages (Dkt. No. 4). SAIA requests that plaintiff Samantha Conway make a more definite statement regarding the alleged "prior actions" of separate defendant Charles Sterrett because SAIA states it cannot reasonably prepare a response that fairly addresses the substance of the allegations in their current vague form. In the alternative, SAIA requests that the Court strike Ms. Conway's complaint as impertinent and immaterial relative to SAIA. Ms. Conway has not responded, and the time to do so has now passed.

Ms. Conway alleges in the complaint that Thomas Conway sustained damages "as a result of the use and operation of the vehicle by Defendant Sterrett in a negligent and reckless manner, <u>which because of inexperience, and prior actions, Defendant SAIA knew, or had reason to know</u>, was likely to [involve] and involved an unreasonable risk of harm to others while driving a truck." (Dkt. No. 1 ¶ 24 (emphasis added)). Further, Ms. Conway alleges that "SAIA knew, or had reason to know, that Defendant Sterrett <u>because of inexperience, and/ or prior actions</u>, was likely to drive the truck in a negligent and reckless manner." (*Id.* ¶ 26 (emphasis added)). Ms. Conway does not identify any particular "prior actions," including dates, parties

involved, or the nature of the alleged "prior actions" that purportedly put SAIA on notice that Mr. Sterrett was not capable of competently operating the subject vehicle. SAIA claims that reference to the alleged "prior actions" is so vague that SAIA cannot form a fair response, as required by Rule 8 of the Federal Rules of Civil Procedure.

Motions for more definite statement are generally disfavored. *See Mann v. Haley*, 2006 WL 118377, *2 (E.D. Ark. Jan. 13, 2006) (citing *Goodroad v. Tharaldson Lodging II, Inc.*, 2005 WL 3557411, at *2 (D.N.D. Dec. 22, 2005); *Shaffer v. Eden,* 209 F.R.D. 460, 464 (D. Kan. 2002) (stating that motions for more definite statement should be granted "only when a party is unable to determine the issues requiring a response"); *Runyan v. United Bhd. of Carpenters*, 566 F.Supp. 600, 608 (D. Colo. 1983) (noting general discouragement of such motions unless the pleading is so unintelligible that defendants do not understand the allegation and are unable to respond)). Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is only required to file "a short and plain statement of the claim." Under this standard, a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

SAIA cites *Miller v. Meyers*, 2010 WL 797153 (W.D. Ark. Mar. 4, 2010), for the proposition that a plaintiff's failure to include such "well-pleaded facts" as the time period in which illicit activities were allegedly performed and the identity of persons to whom illegally obtained information was disclosed should cause the Court to grant a defendant's motion for a more definite statement pursuant to Rule 12(e). *Miller*, however, is inapposite to the instant case because *Miller* alleged fraud which is subject to the higher pleading standard of Federal Rule of Civil Procedure 9(b). *Miller*, 2010 WL 797153, at *1; *see Mann*, 2006 WL 118377 at *2

(describing the differences between the pleading standard of Rule 8(a)(2) and the heightened pleading standard of Rule 9(b)).

As in *Mann*, this Court is satisfied the complaint has met the requirements of Rule 8(a)(2). *See Mann*, 2006 WL 118377 at *3. Although the complaint does not allege the specific prior actions which would have put SAIA on notice, it is not so vague or ambiguous that the defendants, after sufficient investigation, could not reasonably be required to frame a responsive pleading. *See id.* As in *Mann*, the Court is confident that all information sought by this motion can be fleshed out in discovery. *Id.* (citations omitted); *see also Hardy v. Bartmess*, 696 F. Supp. 2d 1008, 1016 (E.D. Ark. 2010) ("A motion under [Federal Rule of Civil Procedure] 12(e) is designed as a means to remedy unintelligible pleadings [which] should not be granted where the information sought is not necessary to form a responsive pleading and can be gained, as in this case, by other means.").

Regarding SAIA's alternative motion to strike the complaint as immaterial and impertinent relative to SAIA, the Court declines to find the complaint meets any level of immateriality or impertinence at this stage in the proceedings. The Court therefore declines to strike the complaint with regard to SAIA.

SO ORDERED this 11th day of June, 2014.

_____
Kristine G. Baker
United States District Judge